IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONNIE JACKSON,
Inmate #083419,
      Plaintiff,

vs.                                 Case No.:  3:14cv83/LAC/EMT

YUHAS, et al.,
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on February 18, 2014 (doc. 1).  He also filed a motion for leave to proceed in forma pauperis ("IFP"), a motion for extension of time to file documentation in support of his IFP motion, and a motion to appoint counsel (docs. 2, 3, 6).

Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding IFP under certain circumstances.  That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is no longer entitled to proceed IFP must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay

the filing fee at the time he initiates the suit."); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); <u>Brown v. Johnson</u>, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three actions previously filed by Plaintiff, while incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim: <u>Jackson v. Cohen, et al.</u>, No. 1:97-cv-1773-JWK (S.D. Fla. Nov. 20, 1997) (dismissing civil rights complaint filed by Plaintiff while incarcerated for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)), <u>Jackson v. Burnham, et al.</u>, No. 3:98-cv-225-RV (N.D. Fla. June 30, 1999) (dismissing civil rights complaint filed by Plaintiff while incarcerated for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)B)(ii)), and <u>Jackson v. Burnham, et al.</u>, No. 3:01-cv-129-LAC (N.D. Fla. July 23, 2001) (dismissing civil rights complaint filed by Plaintiff while incarcerated as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). Indeed, Plaintiff's status as a "three-striker" has been recognized by this court, <i>see</i> <u>Jackson v. Santa Rosa Corr. Inst.</u>, No. 3:10-cv-344-WS-EMT (N.D. Fla. Nov. 10, 2010), and the district court for the Middle District of Florida, <i>see</i> <u>Jackson v. Singer, et al.</u>, No. 3:08-cv-713-HWM-MLP (M.D. Fla. Nov. 3, 2008). Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. <i>See id.</i>; <u>Jackson v. Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979); <u>McAlphin v. Toney</u>, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). <i>See</i> <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," <i>id.</i>, and vague

allegations of harm and unspecific references to injury are insufficient. <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff sues officers and employees of the FDOC for "persecuting" him for practicing his religion, and retaliating against him for filing grievances, in violation of the First, Eighth, Thirteenth, and Fourteenth Amendments (doc. 1 at 5–8). He specifically alleges that from 2011 to 2014, Defendants (1) searched his cell, (2) threatened his cellmate, (3) temporarily placed him in confinement and on "strip cell" status, (4) confiscated his Black African Heritage Bible, (5) rejected and returned mail sent to him from The Westside Gazett and Shelia Blackshear, his "spiritual soulmate," (6) denied his request for religious services in the chapel, (7) denied his request for a psychological interview and failed to reschedule it, (8) denied grievances, (9) wrote a false disciplinary report for a "lewd sexual act" and placed him in confinement, (10) denied him a psychological emergency on January 20, 2014 (a month prior to the date he filed the complaint in this case), and (11) harassed and stalked him by working in his dormitory even though certain Defendant officers were not usually assigned to his dormitory (doc. 1 at 5–7). As relief, Plaintiff seeks monetary damages and transfer to Dade Correctional Institution (*id.* at 8).

Plaintiff's factual allegations do not suggest he is suffering ongoing serious physical injury, nor do they suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Therefore, Plaintiff does not qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed IFP. A prisoner who is no longer entitled to proceed IFP must pay

the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *See* Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1.      That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

2.      That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 27th day of February 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**